UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ERROL JOHN MUMBY,

      Petitioner,

v.                                       Case No: 2:16-cv-312-FtM-99MRM

SECRETARY, DEPARTMENT OF
CORRECTIONS and ATTORNEY
GENERAL, STATE OF FLORIDA,

      Respondents.
_____/

## OPINION AND ORDER[1]

This matter comes before the Court on Petitioner Errol John Mumby's Motion for Leave to Amend Habeas Corpus (Doc. #17), filed on May 24, 2017. The Respondent Julie L. Jones, Secretary of the Department of Corrections, filed her Response in Opposition (Doc. #20) on May 31, 2017. Petitioner filed a Reply Brief (Doc. #21), on June 6, 2017. The Motion is fully briefed and ripe for the Court's consideration.

## BACKGROUND

Petitioner was charged by information with carjacking (count 1) and kidnapping (count 2), and tried by jury. On February 11, 2011, Petitioner was convicted as charged on the carjacking count and of the lesser-included offense of false imprisonment on the

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

kidnapping count, and given concurrent prison sentences of twenty years on the carjacking count and five years on the false imprisonment count. Petitioner appealed his conviction to the Second District Court of Appeals raising two issues: (1) that his statements to law enforcement officers should have been suppressed for violations of his *Miranda* rights; and (2) a mistrial should have been granted because the jury overheard the judge reprimand defense counsel. The Second District Court of Appeals affirmed Petitioner's conviction *per curiam*. Petitioner's motion for a rehearing was denied on August 14, 2012, and mandate was issued on August 31, 2012.

On December 26, 2012, Petitioner filed a petition alleging ineffective assistance of appellate counsel. The Second District Court of Appeals denied Petitioner's claim on January 16, 2013. On January 18, 2013, Petitioner filed a motion to supplement his petition arguing that appellate counsel failed to challenge the jury instructions given on intent regarding the carjacking count. The Court denied the supplement on February 6, 2013. Petitioner moved for a rehearing which was denied on May 3, 2013.

On July 11, 2013, Petitioner filed a motion for post-conviction relief pursuant to FL. R. Crim. P. 3.850. Petitioner withdrew his Rule 3.850 motion on November 14, 2013. He then filed an amended motion for post-conviction relief on February 25, 2014. Petitioner's amended motion raised four claims of ineffective assistance of counsel as follows: (1) conceded Petitioner's guilt in the carjacking without his consent; (2) failed to present favorable evidence at the motion to suppress; (3) misinformed Petitioner on his possible sentence; and (4) did not properly object to prosecutions back strike of a black juror. The Circuit Court denied grounds one, two and four and held a hearing on ground three. The Circuit Court denied ground three after a hearing on the matter.

Petitioner filed an untimely appeal on the Circuit's denial of his post-conviction claims on February 10, 2015. The Circuit Court's denial of Petitioner's post-conviction relief was upheld *per curiam* on January 15, 2016, and mandate issued on April 11, 2016. Petitioner subsequently filed the instant Petition for habeas relief on April 21, 2016, alleging six grounds of relief.

On March 17, 2016, Petitioner filed a petition for Writ of Habeas Corpus in the Circuit Court. In that petition, Petitioner argued that his sentence was vindictive. The Circuit Court dismissed Petitioner's habeas holding that he could not use a petition for habeas corpus to seek an untimely and successive attempt to challenge his sentence. On October 19, 2016, the Second District Court of Appeals upheld the dismissal *per curiam*. Petitioner's motion for a rehearing was denied on December 9, 2016. Mandate issued on January 13, 2017. It is the vindictive sentence claim that Petitioner now seeks to add to his habeas petition in this case.

## STANDARD OF REVIEW

Under Rule 15(a), a party may amend their pleading as a matter of course before being served with a responsive pleading or up to twenty-one (21) days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar. Fed. R. Civ. P. 15(a)(1). Otherwise, the Party must seek leave of court or written consent of the adverse party in order to amend the pleading. Fed. R. Civ. P. 15(a)(2). "The decision whether to grant leave to amend a complaint is within the sole discretion of the district court." *Laurie v. Ala. Crim. App.*, 256 F.3d 1266, 1274 (11th Cir. 2001). However, pursuant to Fed. R. Civ. P. 15(a), timely motions for leave to amend are held to a very liberal standard and leave to amend should be freely given when justice so

3

requires. *Senger Brothers Nursery, Inc. v. E.I. Dupont De Nemours & Co.*, 184 F.R.D. 674, 678 (M.D. Fla 1999). Thus, Rule 15(a) limits the court's discretion by requiring that leave to amend must be "freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962); *Nat'l. Indep. Theatre Exhibitors, Inc. v. Charter Financial Group, Inc.,* 747 F.2d 1396, 1404 (11th Cir. 1984). As a result, the Court must provide substantial justification if the Court denies a timely filed motion for leave to amend. *Laurie*, 256 F.3d at 1274. "Substantial reasons justifying a denial include 'undue delay, bad faith, dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of allowance of the amendment.'" *Id.*

## **DISCUSSION**

Petitioner moves the Court to amend his habeas petition and add a ground arguing that his sentence was vindictive. Respondent argues that the proposed amendment is untimely filed, time barred by 28 U.S.C. § 2244(d), barred because it does not relate back under Fed. R. Civ. 15(c), and procedurally barred because Petitioner did not raise the issue on direct appeal.

### *Untimely File and Time Barred*

Respondent argues that 196 days of the one year limitation period had run prior to Petitioner filing his habeas petition on April 21, 2016. Respondent continues that more than another full year elapsed before Petitioner filed his motion to amend on May 22, 2017. Therefore, Respondent concludes that Petitioner's amended grounds were filed after the expiration of the AEDPA's one year limitation period.

The federal Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one year statute of limitations for filing a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1). That limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005) (citing § 2244(d)(2)). However, state court pleadings that are not properly filed do not toll the AEDPA limitation period because they are not properly filed. *Pace*, 544 U.S. at 410. Therefore, improper state court filings cannot serve to toll the running of the AEDPA one year limitation period. *Id.*

The State Court held that Petitioner's state habeas was nothing more than a successive attempt to challenge his sentence and, therefore, an improper filing. The Circuit Court's decision was affirmed by the Second District Court of Appeals. Petitioner waited over a year before he filed his motion to amend his current Petition even though he clearly had knowledge of the claim prior to the expiration of the limitation period. This is clearly demonstrated by the fact that he filed his vindictive sentence claim in Circuit Court prior to filing the instant federal habeas petition.

Though he had knowledge that he was filing a vindictive sentence claim in state court, he did not included the claim here by either filing the grounds in his original petition with this Court or by moving to amend earlier in these proceedings. Even if the Court did not consider the 196 days that had run before Petitioner filed his federal habeas petition, the amendment is still untimely filed and time barred because over a year passed – April 21, 2016 through May 22, 2017 – before Petitioner filed his Motion to Amend Petition.

Since the state court found that Petitioner's vindictive sentence claim was not properly filed, the time between filing the habeas claim in state court and Petitioner's Motion to Amend – March 2016 until May 22, 2017 – was not tolled. *Pace*, 544 U.S. at 410. (holding that improperly filed petitions are not tolled under the AEDPA). Consequently, Petitioner's amended grounds for habeas relief are barred by the AEDPA's one year limitation period. 28 U.S.C. § 2244(d). As such, Petitioner's amended claim for vindictive sentence is time barred under the AEDPA's statute of limitations.

<u>*Relation Back to Original Claim*</u>

Respondent argues that Petitioner's amended claim does not relate back to his original Petition. Under Fed. R. Civ. P. 15(c), an amendment relates back to the date of the original claim if the amendment asserts a claim that arose out of the same conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading. Fed. R. Civ. P. 15(c)(1)(B). Relation back causes an otherwise untimely claim to be considered timely by treating it as if it had been filed when the timely claims were filed. *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000). Rule 15(c) permits an amended pleading to relate back to the date of the original pleading even if the statute of limitations has run when the statute of limitations governing the cause of action permits the relation back. Twenty-eight U.S.C. § 2244(d) does allow for equitable tolling of the one year limitation in limited circumstances. Therefore, the new claims in Petitioner's amended habeas Petition could relate back and be considered timely if they arose out of the conduct, transaction, or occurrence set forth in his original petition.

Congress intended Rule 15(c) to be used for a relatively narrow purpose. In the Advisory Committee Note to the 1991 amendments to Rule 15, the advisory committee

states that "[t]he rule has been revised to prevent parties against whom claims are made from taking unjust advantage of otherwise inconsequential pleading errors to sustain a limitations defense." *Dean v. United States*, 278 F.3d 1218, 1221 (11th Cir. 2002). Congress did not intend Rule 15(c) to be so broad as to allow an amended pleading to add an entirely new claim based on a different set of facts. *See generally Forzley v. AVCO,* 826 F.2d 974 (11th Cir.1987). Thus, while Rule 15(c) contemplates that parties may correct technical deficiencies or expand facts alleged in the original pleading, it does not permit an entirely different transaction to be alleged by amendment. *Dean,* 278 F.3d at 1221 (citing 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1497 (2d ed.1990)).

As noted above, the key consideration in Petitioner's proposed amended petition is whether or not the amended claim arises from the same conduct and occurrences upon which the original claim was based. *Dean*, 278 F.3d at 1222. The proposed amended petition does not relate back to the same conduct or occurrences. Petitioner's claims in his original petition all relate to ineffective assistance of counsel. Petitioner's proposed amended petition adds a claim alleging that his sentence was vindictive which did not arise out of conduct by defense counsel during trial or on direct appeal. Since Petitioner's amended claim of vindictive sentence does not relate back to trial or appellate counsel's conduct, the amended petition does not relate back to the claims in his original Petition.

### *Procedural Bar*

Respondent also argues that Petitioner's amended petition fails because he did not raise the issue of a vindictive sentence on direct appeal. Before a claim is

procedurally barred from federal review, a state court must reject reviewing the claim based on the procedural deficiency.

> Thus, the mere fact that a federal claimant failed to abide by a state procedural rule does not, in and of itself, prevent this Court from reaching the federal claim: "The state court must actually have relied on the procedural bar as an independent basis for its disposition of the case."

*Harris v. Reed,* 489 U.S. 255, 262, (1989) (*quoting Caldwell v. Mississippi,* 472 U.S. 320, 327 (1985)). Also, the court must explicitly state that the decision "rests upon" the enforcement of a procedural rule. "[I]f 'it fairly appears that the state court rested its decision primarily on federal law,' this Court may reach the federal question on review unless the state court's opinion contains a 'plain statement' that its decision rests upon adequate and independent state grounds." *Harris,* 489 U.S. at 261, *quoting Michigan v. Long,* 463 U.S. 1032, 1042 (1983). Consequently, citing to the state procedural rule and stating that the claim "could have been raised on direct appeal" or in some prior proceeding is insufficient. *Harris,* 489 U.S. at 266. *See also Alderman v. Zant,* 22 F.3d 1541, 1549 (11th Cir.) ("[W]here a state court has ruled in the alternative, addressing both the independent state procedural ground and the merits of the federal claim, the federal court should apply the state procedural bar and decline to reach the merits of the claim."), *cert. denied,* 513 U.S. 1061 (1994)). Consequently, the initial question is whether the state court issued a "plain statement" applying the independent and adequate state procedural bar.

The State Circuit Court and the Second District Court of Appeals issued a plain statement that stated the amended petition alleging Petitioner received a vindictive sentence was improper because it was a successive attempt at challenging his sentence. (Doc. #20 at 11-12). Since the state court denied the vindictive claim on independent

8

state procedural grounds, the improper filing procedurally bars Petitioner from bringing the vindictive sentence claim in this Court.

## **CONCLUSION**

Petitioner's amended petition is untimely filed and barred by the AEDPA's statute of limitations. The Petitioner fails to present any facts or law that would allow the Court to overrule the time bar and relate the amended petition back to the Petition's original filing date. Further the vindictive sentence claim is procedurally barred. Therefore, the Petitioner's Motion to Amend Petition is due to be denied.

Accordingly, it is now

**ORDERED:**

Plaintiff Errol John Mumby's Motion for Leave to Amend Habeas Corpus ([Doc. #17](Doc. #17)) is **DENIED with prejudice**.

**DONE** and **ORDERED** in Fort Myers, Florida this 20th day of December, 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:
Errol John Mumby
All Parties of Record
SA: FTMP-2