UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ERROL JOHN MUMBY,

        Petitioner,

v.                                   Case No.:  2:16-cv-312-FtM-38MRM

SECRETARY, DEPARTMENT OF
CORRECTIONS and ATTORNEY
GENERAL, STATE OF FLORIDA,

        Respondents.
_____/

## <u>OPINION AND ORDER</u>[1]

Before the Court is Petitioner Errol John Mumby's ("Mumby") Motion to Alter or Amend Pursuant to[2] and filed on October 30, 2019.  (Doc. 35).  The Respondents have not filed a response, and the time to do so has expired.  For the following reasons, the motion is denied.

## BACKGROUND

On June 26, 2009, Mumby was charged with carjacking under Fla. Stat. § 812.133 and kidnapping under Fla. Stat. § 787.01.  (Ex. A1).  In October 2010, a jury convicted him of carjacking and the lesser-included offense of false imprisonment on the kidnapping charge.  (Ex. A5).  Petitioner was sentenced to twenty years imprisonment.  (Ex. A9).  After he exhausted his state court remedies, Mumby filed a habeas petition under 28

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] Although styled as a Rule 59(e) motion, Petitioner also moves for reconsideration under Federal Rule of Civil Procedure 60(b).  (Doc. 35 at 1-2).

U.S.C. § 2254. (Doc. 1). On September 27, 2019, the Court denied his petition on the merits, finding Mumby received effective assistance of counsel. (Doc. 32). Now, Mumby moves for reconsideration of this Court's September 27, 2019 Opinion and Order under Federal Rule of Civil Procedure 59(e) and Federal Rule of Civil Procedure 60(b). (Doc. 35). For the reasons below, the Court denies reconsideration.

## LEGAL STANDARDS

A motion for reconsideration may be brought under either Rule 59(e) or Rule 60(b). *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997). In either situation, relief granted under these rules is within the sound discretion of the judge. *See Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993). In exercising its discretion, the court balances two competing interests: the need for finality and the need to render just rulings based on all the facts. The former typically prevails, as reconsideration of an order is an extraordinary remedy used sparingly. *See Am. Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003); *Lamar Adver. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 489 (M.D. Fla. 1999). "A motion for reconsideration must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998)

Under Rule 59(e), courts have recognized three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct a clear error or manifest injustice. *See McCreary v. Brevard Cnty., Fla.,* No. 6:09-cv-1394, 2010 WL 2836709, at *1 (M.D. Fla. July 19, 2010). "A motion to

reconsider is not a vehicle for rehashing arguments the [c]ourt has already rejected or for attempting to refute the basis for the [c]ourt's earlier decision." *Parker v. Midland Credit Mgmt., Inc.,* 874 F. Supp. 2d 1353, 1359 (M.D. Fla. 2012); *see also Michael Linet, Inc. v. Vill. of Wellington,* 408 F.3d 757, 763 (11th Cir. 2005). "A motion to reconsider should raise new issues, not merely redress issues previously litigated." *PaineWebber Income Props. Three Ltd. P'ship v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995); *see also Ludwig v. Liberty Mut. Fire Ins. Co.*, No. 8:03-cv-2378, 2005 WL 1053691, at *11 (M.D. Fla. Mar. 30, 2005) (stating "a motion for reconsideration is not the proper forum for [a] party to vent dissatisfaction with the Court's reasoning").

Under Rule 60(b), the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

## DISCUSSION

Mumby argues this Court erred in denying Grounds One, Three, and Five of his habeas petition and, therefore, reconsideration is warranted under Federal Rule of Civil Procedure 59(e) and Federal Rule of Civil Procedure 60(b). (Doc. 35). The Court disagrees.

As a preliminary matter, insofar as the motion is brought under Rule 59(e), such motion is untimely. Under Federal Rule of Civil Procedure 59(b), "[a] motion for new trial must be filed no later than 28 days after the entry of the judgment." A district court "must not extend the time" to file a Rule 59(b) motion. Fed. R. Civ. P. 6(b)(2). The Eleventh Circuit has "stressed repeatedly the jurisdictional, non-discretionary character of the Rule 6(b) admonition regarding the filing deadlines for such post-trial motions." *Pinion v. Dow Chem., U.S.A.*, 928 F.2d 1522, 1526 (11th Cir. 1991) (citations omitted). Under Fed. R. Civ. P. 59(b), Mumby's deadline to file a Rule 59(e) motion was October 25, 2019—that is, twenty-eight days after the entry of the judgment. Because [t]he prisoner mailbox rule applies to Rule 59(e) motions," the Court looks at the date Mumby signed, executed, and delivered his motion to prison authorities for mailing. *Brown v. Taylor*, 829 F.3d 365, 369 (5th Cir. 2016) (citation omitted); *see also Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999). The date stamp on the motion shows Mumby provided his document to the prison authorities for mailing two days late on October 27, 2019. (Doc. 35 at 1, 9). Thus, his 59(e) motion is time-barred.

Even looking at Mumby's motion substantively, the Court finds Petitioner has not demonstrated any basis for reconsideration under Rule 59(e) or 60(b). He has shown neither any intervening change in controlling law or new evidence that has become available. He similarly fails to show how reconsideration is necessary to correct a clear error or prevent manifest injustice. Instead, Mumby uses this motion to re-litigate the issues the Court already considered and rejected. What is more, a review of the applicable law shows the Court has not committed any mistake in interpreting the law or the facts. At its core, Mumby's motion asks this Court to reassess its decision, meanwhile

failing to consider why his arguments to the contrary failed. The Court stands behind its findings and thus denies Mumby's motion.

Accordingly, it is now

**ORDERED:**

Petitioner Errol John Mumby's Motion to Alter or Amend Pursuant to Fed. R. Civ. P. Rule 59(e) (Doc. 35) is **DENIED**.

**CERTIFICATE OF APPEALABILITY ("COA") AND
LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED**

Because the denial of a Rule 59(e) and Rule 60(b) motion constitutes a final order in a habeas proceeding, a certificate of appealability is required before Petitioner will be allowed to appeal this Order. *Perez v. Sec'y, Dep't of Corr.*, 711 F.3d 1263, 1264 (11th Cir. 2013); *Delgado v. Sec'y, DOC*, No. 2:14-CV-42-FTM-38MRM, 2018 WL 1806586, at *3 (M.D. Fla. Apr. 17, 2018); *see also* 28 U.S.C. § 2253(c)(1). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (citations omitted). Upon review of the record, the Court finds that Petitioner has not made the requisite showing in these circumstances. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Fort Myers, Florida this 8th day of January, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record